**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jeske, | ) MC 11-00124-PHX-FJM |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| | ) |
| Persolve LLC; Persolve Series 1 LLC; Persolve Series 2 LLC; Persolve Series 3 LLC; Golden Gate Financial LLC; Does 5 through 25, | ) |
| Defendants. | ) |

We have before us Persolve LLC's ("Persolve") motion to compel the deposition of FIA Card Services ("FIA") and production of documents (doc. 1). FIA was served with a copy of the instant motion on November 29, 2011, but has not responded.

**I**

In 2006, plaintiff James Jeske defaulted on his Bank of America credit card account. This account was ultimately transferred to Persolve, which filed a collection complaint against Jeske in December 2009. Persolve sought an interest rate of 32.24%, the rate applied to Jeske's account by Bank of America. The rate was labeled in his account statements as "penalty rate" pricing. At the time, Jeske's account was serviced by FIA.

Jeske filed an action against defendants in 2011, alleging that Persolve's attempt to collect on his Bank of America account improperly sought interest above California's default

1    rate of 10%.[1] Persolve served FIA, a non-party to the Jeske action located in Arizona, with
2    a subpoena in July 2011. The subpoena set FIA's deposition for August 3, 2011, and
3    included Persolve's request for documents relating to Peske's account. See Mot. to Compel,
4    ex. E. Persolve's counsel spoke with FIA, which indicated that it would send relevant
5    documents by August 12, 2011. On August 16, 2011, Persolve was told that FIA records
6    showed that it sold Jeske's account and had no additional information to provide. Persolve
7    has followed up with FIA by letter and by telephone in an effort to meet and confer, but FIA
8    has refused to produce a deponent for deposition. Persolve moves that FIA be compelled to
9    produce documents and a proper deponent for deposition in accordance with its subpoena.

**II**

11    Rule 45, Fed. R. Civ. P. governs discovery of non-parties through the use of subpoena.
12    Subpoenas can command a non-party to produce documents and to attend and testify. The
13    serving party may move for an order compelling discovery. Fed. R. Civ. P. 37(a). The
14    permissible scope of discovery is the same when sought from non-parties as when sought
15    from parties. See id. 45 advisory committee's note (1970) ("The changes make it clear that
16    the scope of discovery through a subpoena is the same as that applicable to. . . the other
17    discovery rules"). Parties may seek discovery relevant to any party's claim or defense. Id.
18    26(b)(1).

19    Here, the documents sought by Persolve are relevant to its defense in the Jeske action.
20    Jeske claims that Persolve did not have the right to seek interest in excess of 10%. Jeske's
21    account statements show that a higher interest rate was applied by Bank of America labeled
22    penalty rate pricing. Documents relating to penalty rate pricing are relevant to Persolve's
23    defense for deciding to seek a higher interest rate in its collection action against Jeske.
24    Persolve seeks documents not only related to Jeske's specific account, but also documents
25    relating more generally to Bank of America's penalty rate pricing provisions.

26    Persolve also seeks testimony that it claims is institutional knowledge that would not

---

[1] This action is pending in the Southern District of California.

- 2 -

1  have been transferred when Jeske's account was sold. When a notice of deposition of an
2  entity describes with particularity the subjects for examination, the entity must designate
3  people to testify on its behalf "about information known or reasonably available to the
4  organization." id. 30(b)(6). The subpoena lists with detail subjects for discussion, including
5  information concerning Bank of America's penalty pricing rates between 2003 and 2009, and
6  Bank of America's options upon customer default. As a former servicer for Bank of America
7  accounts, including Jeske's account, this is information that should be known or "reasonably
8  available" to FIA. See id.

9      In sum, we conclude that the documentation and testimony Persolve seeks from FIA
10  are relevant to Persolve's defense in the Jeske action. FIA has not argued that the search for
11  and production of documents would be overly burdensome. And FIA offers no reason why
12  the subpoena should be quashed or modified. See id. 45(c)(3). Indeed, FIA failed to respond
13  at all. See LRCiv 7.2(i) ("if. . . counsel does not serve and file the required answering
14  memoranda. . . such non-compliance may be deemed a consent to the denial or granting of
15  the motion and the Court may dispose of the motion summarily").

16      **IT IS ORDERED GRANTING** Persolve's motion to compel the deposition of FIA
17  Card Services and Produce Documents (doc. 1).

18      **IT IS ORDERED** that FIA Card Services shall make a diligent search for all
19  documents requested in the subpoena and produce all responsive documents within five (5)
20  days of this order.

21      **IT IS ORDERED** that FIA Card Services shall produce a deponent for deposition
22  prepared to testify pursuant to Rule 30(b)(6), Fed. R. Civ. P.

23      DATED this 26th day of January, 2012.

24
25                                  *Frederick J. Martone*
26                                    Frederick J. Martone
                                  United States District Judge
27
28